UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY OWENS, § | |
|     Plaintiff, § | |
| v. § | No. 3:16-CV-3162-L |
| DALLAS COUNTY COMMUNITY § | |
| COLLEGE DISTRICT, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendant's Motion to Dismiss [ECF No. 4] to the United States Magistrate Judge for recommendation. *See* Order of Reference 1, ECF No. 15. For the following reasons, the undersigned respectfully recommends that the district court should **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss [ECF No. 4].

**Background**

Plaintiff Larry Owens ("Plaintiff" or "Owens") filed this removed civil action on October 10, 2016, in the 14th District Court of Dallas County, Texas against Defendant the Dallas County Community College District ("Defendant"). Notice of Removal 1, ECF No. 1. Defendant timely removed this action pursuant to 28 U.S.C. §§ 1331 and 1367. *Id.* at 2. Plaintiff alleges Defendant unlawfully terminated his employment in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*, Chapter 21 of the Texas Labor Code (the "TCHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. Notice of Removal, Pl.'s Orig. Pet. 2 ¶ 7, ECF No. 1-1. Plaintiff also brings the following state law claims: defamation, fraud, intentional infliction of emotional distress,

retaliation,[1] and negligent hiring, supervision, training, and retention. *Id*. Defendant contends in its Motion to Dismiss [ECF No. 4] the Court should dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Def.'s Mot. 1, ECF No. 4; FED. R. CIV. P. 12(b)(1), (b)(6). Defendant argues the Court should dismiss Plaintiff's claims under the ADA and Title VII for Plaintiff's failure to exhaust administrative remedies, specifically, because he failed to timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Def.'s Mot. 1, ECF No. 4. Defendant asserts the Court should dismiss Plaintiff's claims under the TCHRA for failure to file his suit within the two-year statute of limitations period. *Id*. at 3. Defendant contends Plaintiff's state law claims and 42 U.S.C. § 1983 claim should also be dismissed based on sovereign immunity and the applicable statute of limitations. *Id*. at 5-9. Upon consideration of the parties' briefs and the applicable law, the Court finds that this motion is ripe for determination.

## Legal Standard

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*., 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

---

[1] The Court liberally construes Plaintiff's retaliation claim, *see* Pl.'s Orig. Pet. 6 ¶¶ 14-16, ECF No. 1-1, as being brought under the ADA and Title VII rather than as a separate state law clam.

2

the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). However, all factual allegations of the complaint must be accepted as true. *Den Norske Stats Oljeselskap As v. HeereMac Yof*, 241 F.3d 420, 424 (5th Cir. 2002).[2]

## Analysis

### Statute of Limitations

*Title VII and the ADA*

Under both Title VII and the ADA, a plaintiff to exhaust administrative remedies, must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1) and holding that an ADA plaintiff must exhaust remedies in same manner as a Title VII plaintiff). "Congress intended the limitations period contained in Section 2000e-5(e)(1) to act as a statute of limitations." *Webb v. Cardiothoracic Surgery Assoc. of N.*

---

[2] As the following analysis shows, this Court does retain subject matter jurisdiction over this case.

*Tex.*, 139 F.3d 532, 537 (5th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982)). "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Gonzales v. Pan Am. Labs., L.L.C.*, No. 3:14-CV-2787-L, 2015 WL 5731289, at *2 (N.D. Tex. Sept. 29, 2015) (Lindsay, J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)).[3] "The weight of Fifth Circuit authority is that receipt of a notice of right to sue is a condition precedent, not a jurisdictional prerequisite to suit on that claim." *Seghers*, 2016 WL 6778539, at *4 (citing cases). The timely filing of charge with the EEOC "is *not* a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Gonzales*, 2015 WL 5731289, at *2 (quoting *Zipes*, 455 U.S. at 393) (emphasis in original). "In other words, the late filing of an EEOC charge does not deprive the court of subject matter jurisdiction. The filing of an EEOC charge 'is a precondition to filing suit in district court.'" *Id.* (quoting *Taylor*, 296 F.3d at 379).

Plaintiff's Original Petition states he filed a charge of discrimination with the EEOC within 300 days of the alleged acts of discrimination and filed the current suit within the ninety day period of his receipt of the right to sue letter. Pl.'s Orig. Pet. 2 ¶ 8, ECF No. 1-1. Defendant argues that Plaintiff did not submit his EEOC charge until October 17, 2012—504 days after Plaintiff's termination on June 1, 2011. Def.'s Mot. 4, ECF No. 4; Def.'s App. Ex. A at 1, ECF No. 5.[4] This would place Plaintiff's EEOC charge outside of the 300 day requirement. Defendant asserts a charge is considered filed on the date it is *received* by the EEOC. Def.'s Mot. 5 n.2, ECF No. 4.

---

[3] "The plaintiff must bring suit within ninety days of receiving an EEOC notice of right to sue." *Seghers v. Hilti, Inc.*, No. 4:16-CV-0244, 2016 WL 6778539, at *3 (S.D. Tex. Nov. 16, 2016) (citing 42 U.S.C. § 2000e-5(f)(1)).

[4] A court may review the EEOC charge attached to a defendant's motion to dismiss. *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2013) (per curiam).

Plaintiff responds he timely submitted his EEOC charge through a letter sent on August 12, 2011. Pl.'s Resp. 3, ECF No. 6; Pl.'s App. Ex. B at 2-4, ECF No. 7. On September 14, 2012, after multiple attempts to contact the EEOC, Plaintiff received a letter about his complaint. Pl.'s Resp. 3, ECF No. 6. In the September 14th letter from the EEOC it states, "[t]he attached EEOC Form 5, Charge of Discrimination, is a summary of your client's claims based on the information provided. Because the document that you/your client submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that your client filed a charge. " *Id*. The letter continues, "[f]or the purposes of meeting the deadline for filing a charge, the date of your client's original signed document will be retained as the original filing date." *Id*. at 4. Plaintiff argues that this letter, and the language shown above, supports his argument that the August 12th letter he submitted was his timely filed charge of discrimination. *Id*. Plaintiff does admit the formal charge filed on October 17th is beyond the 300 day limitations period. *Id*. at 3.

Defendant categorizes the August 12th correspondence as the "To Whom It May Concern" letter contending it does not qualify as a formal charge with the EEOC. Def.'s Reply 1, ECF No. 9. Defendant maintains Plaintiff filed his EEOC charge on October 17, 2012, not through his August 12th letter. *Id*. at 2. Defendant contends it is when Plaintiff completed the EEOC Form 5, attached to the EEOC's September 14th letter, which the Court should treat as the date of filing of his EEOC charge. *Id*. at 3.

The untimely filing of an EEOC charge of discrimination does not remove this Court's jurisdiction. *Gonzales*, 2015 WL 5731289, at *2. In *Gonzales*, under similar circumstances to the case at bar, the district court held "[d]ismissal under Rule 12(b)(6) is only proper if the court can determine from the pleadings that administrative remedies have not been exhausted. The court

5

cannot make this determination from the pleadings and cannot tell from the current state of the pleadings whether Plaintiff has exhausted his administrative remedies or is entitled to tolling." *Id*. at *3. The Court finds this analysis is directly applicable here. It is unclear to the Court whether the EEOC construed Plaintiff's discrimination charge as being filed on August 12, 2011, or on October 17, 2012.[5] The September 14th letter from the EEOC states the document submitted by Plaintiff "constitutes a charge of employment discrimination" and the "original signed document will be retained as the original filing date." Pl.'s App. Ex. C at 5, ECF No. 7. The EEOC instructed Plaintiff to sign the EEOC Form 5 and return it to the EEOC by October 15, 2012. *Id*. The timestamp that appears on the Form 5, attached to Defendant's motion, states the EEOC received it on October 17, 2012. Def.'s App. Ex. A at 1, ECF No. 5. "A discrimination charge is filed for the purposes of Title VII on the date that EEOC *receives* the charge, however, not on the date that the charge is mailed." *Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 293 (5th Cir. 2014) (per curiam) (citing *Taylor v. Gen. Tel. Co. of the Southwest*, 759 F.2d 437, 442 (5th Cir. 1985)) (emphasis in original). It is also unclear whether Plaintiff received his right to sue letter from the EEOC. "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)) (emphasis in original). Additionally, "[e]quitable tolling applies to plaintiff's deadline for filing an EEOC charge only in extraordinary circumstances, such as where the parties have a pending case in the wrong forum, where plaintiff is unaware of the facts as a result of defendant's purposeful concealment, and where EEOC misleads plaintiff about the claim." *Id*. (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)).

---

[5] *See also* Pl.'s Resp. 3, ECF No. 6 ("A request has been made to EEOC for copies of Plaintiff's complete file but it is unknown when or if that request will receive a response.").

District courts typically allow a plaintiff at least one opportunity to amend their pleadings before dismissing a case unless it is apparent that the defects are incurable or that the plaintiff is unwilling or unable to amend her pleadings to avoid dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Plaintiff should be given the opportunity to address his deficiencies regarding the exhaustion of administrative remedies and whether equitable tolling applies by filing an amended complaint. *Gonzales*, 2015 WL 5731289, at *3.

Accordingly, the district court should deny Defendant's Motion to Dismiss Plaintiff's claims under Title VII and the ADA.

### *TCHRA*

"A person claiming a [T]CHRA violation must first exhaust the [T]CHRA's administrative remedies prior to bringing a civil action for such violation." *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991) (overruled on other grounds in *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010)). Under the TCHRA, "a complaint of unlawful employment practices [must] be filed . . . within 180 days after the alleged unlawful employment practice occurred." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (citations omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "The TCHRA creates a two-year statute of limitations *from the date* the complainant *files* his administrative charge with the TWC." *Seghers v. Hilti, Inc.*, No. 4:16-CV-0244, 2016 WL 6778539, at *5 (S.D. Tex. Nov. 16, 2016) (citing Tex. Lab. Code § 21.256) (emphasis added). "Under the TCHRA, '[w]hether she receives a [TWC notice of right to sue] or not, the complainant *must* institute her state suit within two years

7

of filing the administrative complaint.'" *Id*. (quoting *Vielma v. Eureka*, 218 F.3d 458, 463 (5th Cir. 2000); (citing *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011); *Woods v. Communities in Sch. Se. Tex.*, No. 09-14-00021-CV, 2015 WL 2414260, at *1 (Tex.App.–Beaumont May 21, 2015)) (emphasis added). "This is a fundamental distinction between the federal system and the state system." *Id*. (citing *Vielma*, 218 F.3d at 463 ("the principal differences between the [state and federal] systems are that in the federal system mailing the 'right to sue' letter is mandatory and that receipt of the right to sue letter is generally necessary before filing federal suit.")).

It appears to the Court that Plaintiff filed his EEOC charge simultaneously with the TWC. *See* Def.'s App. Ex. A at 1, ECF No. 5. Section 21.256 provides "a civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LAB. CODE § 21.256. "The limitations period commences on the filing of an administrative complaint." *Thompson v. Aerotek, Inc.*, No. 1-15-CV-116-RP, 2015 WL 3794899, at *3 (W.D. Tex. 2015) (citing TEX. LAB. CODE § 21.256); *see also McDougall v. Binswanger Mgmt. Corp.*, No. 3:10-CV-2563-D, 2012 WL 1109551, at *5 n.6 (N.D. Tex. 2012) ("In *In re United Services Automobile Ass'n* the Texas Supreme Court held that the two-year statute of limitations for filing suit in an employment-discrimination action, Tex. Lab. Code Ann. § 21.256, is not a jurisdictional prerequisite to suit.") (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d at 310). Plaintiff asserts he filed this lawsuit within ninety days of receiving his right to suit letter from the EEOC. Pl.'s Resp. 1, ECF No. 6. However, even if Plaintiff filed his EEOC charge in August of 2011, *or* in October of 2012, Plaintiff did not bring this civil suit until October of 2016. This is more than four years after Plaintiff filed his charge with the EEOC and past the two year civil action filing period which is a mandatory requirement under the TCHRA.

*See Seghers*, 2016 WL 6778593, at *5. Plaintiff presents no facts, allegations, or case law to show that equitable tolling would apply to this claim. Further, although Plaintiff fails to allege when he received the right to sue letter from the EEOC, under the TCHRA Plaintiff must have brought this suit within two years of the filing of his administrative complaint. *Id*. (citing TEX. LAB. CODE § 21.252(d) ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.")). Thus this claim is time-barred.[6] Accordingly, the district court should grant Defendant's Motion to Dismiss on Plaintiff's TCHRA claim.

### State Law and 42 U.S.C. § 1983 Claims

Plaintiff agrees with Defendant that his state law claims and 42 U.S.C. § 1983 claim "are properly subject to dismissal." Pl.'s Resp. 4, ECF No. 6. "Defendant's claim that specific state-law tort claims and the violation of the provisions of 42 U.S.C. [§] 1983, are barred individually are correct." *Id*. at 5. Plaintiff also admits that sovereign immunity bars these claims. *Id*. at 4-5. However, Plaintiff requests that specific evidence of the alleged violations supporting these claims should be admissible to support his remaining federal law claims. *Id*. at 5. The Court finds it is premature at this stage of the litigation to determine the admissibility of evidence that Plaintiff might or might not present at trial. The Court is not considering the admissibility of evidence at trial, but is evaluating Defendant's motion to dismiss. The purpose of such a motion is to evaluate the sufficiency of the allegations in the complaint. It is for this reason that the Court does not rule or express an opinion at this time on the admissibility of such evidence.

---

[6] *See Seghers*, 2016 WL 6778539, at *5 ("[Plaintiff] filed his EEOC Charge of Discrimination, which constituted a contemporaneous filing of a charge with the TWC, on July 24, 2014. [Plaintiff] did not assert his TCHRA causes of action in this lawsuit until August 31, 2016, more than two years after filing his Charge of Discrimination. [Plaintiffs'] TCHRA claims are therefore time-barred.").

Accordingly, the district court should grant Defendant's Motion to Dismiss Plaintiff's claim under 42 U.S.C. § 1983, along with Plaintiff's claims for defamation, fraud, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the district court should **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss [ECF No. 4]. The district court should grant Defendant's motion on Plaintiff's TCHRA, 42 U.S.C. § 1983, defamation, fraud, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention claims. The court should deny Defendant's motion in regards to Plaintiff's claims under Title VII and the ADA. The district court should allow Plaintiff the opportunity to file an amended complaint addressing the issues set forth in this recommendation regarding his Title VII and ADA claims.

**SO RECOMMENDED**, this 16th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation

within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).