IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY OWENS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3162-L** |
| | § | |
| **DALLAS COUNTY COMMUNITY** | § | |
| **COLLEGE DISTRICT,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Defendant Dallas County Community College District's Motion to Dismiss Plaintiff's Original Petition (Doc. 4), filed November 17, 2016. On May 16, 2017, Magistrate Judge Paul D. Stickney entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that Defendant's motion to dismiss be granted in part and denied in part. Specifically, the Report recommends granting the motion with respect to Plaintiff's TCHRA claim and dismissing it as barred by the two-year statute of limitations. The Report also recommends granting the motion with respect to Plaintiff's 42 U.S.C. § 1983, defamation, fraud, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention claims, and dismissing them as barred by "sovereign immunity."[1] Further, the Report recommends denying the motion with respect to Plaintiff's Title

---

[1] Courts and practitioners often use the terms "sovereign immunity" and "governmental immunity" synonymously. The terms, however, are not the same. "Sovereign immunity" pertains to the State of Texas's immunity from suit and liability. On the other hand, "governmental immunity" shields cities, counties, school districts and other political subdivisions of the State from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (citations omitted). This action involves Dallas County Community College District, which is a governmental entity created pursuant to the Texas Education Code. *See* Tex. Educ. Code §§ 130.005, 130.176. Accordingly, the court uses the term "governmental immunity" instead of "sovereign immunity."

**Order – Page 1**

VII and ADA claims and providing Plaintiff an opportunity to amend his pleadings to cure the deficiencies set forth in the Report. No objections were filed to the Report.

Having reviewed the motion, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. As Plaintiff and Defendant agree that Plaintiff's state law claims and 42 U.S.C. § 1983 claim are barred by governmental immunity, the court will dismiss with prejudice those claims. Additionally, the court will not rule on the admissibility of Plaintiff's evidence that supports these claims, as an evidentiary ruling at this stage in the proceedings would be premature. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's TCHRA, 42 U.S.C. § 1983, defamation, fraud, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention claims for failure to state a claim upon which relief can be granted; and **dismisses with prejudice** these claims. The court **denies** Defendant's Motion to Dismiss Plaintiff's Title VII and ADA claims; and **directs** Plaintiff to file an amended pleading by **August 9, 2017**. Failure to plead in accordance with the standard set forth in the Report[2] may result in dismissal for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) of the Federal Rules of Civil Procedure, or dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants may file a second motion to dismiss if it has adequate grounds that the pleadings are deficient.

**It is so ordered** this 26th day of July, 2017.

Sam A. Lindsay
United States District Judge

---

[2] *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007).

**Order – Page 2**